**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF MINNESOTA**

- - - - - - - - - - - - - - - - - - - - - -
                                              :
**HILDA L. SOLIS**, Secretary of Labor,     :
United States Department of Labor,           :
                                              :
                    Petitioner                :
                                              :    CIVIL ACTION
          v.                                  :
                                              :    File No.
**UNITEDHEALTH GROUP, INC.,**                 **:**
                                              :
                    Respondent                :
                                              :
- - - - - - - - - - - - - - - - - - - - - -

**PETITION TO COMPEL RESPONDENT TO**
**COMPLY WITH SUBPOENA DUCES TECUM**

Petitioner, Hilda L. Solis, Secretary of Labor (the

"Secretary"), United States Department of Labor, brings

this action to compel respondent, UnitedHealth Group, Inc.

("UHG" or "Company"), to comply with the subpoena duces

tecum issued and directed to it by the Regional Director,

Kansas City Regional Office, Employee Benefits Security

Administration ("EBSA"), United States Department of Labor,

in aid of an investigation pursuant to the Employee

Retirement Income Security Act of 1974, 29 U.S.C. '1001 et.

seq. (hereinafter "ERISA").

1.    Jurisdiction to issue the order prayed for herein

is conferred upon this Court by ERISA Section 504(c), 29

U.S.C. Section 1134(c), and by Sections 9 and 10 of the Federal Trade Commission Act (15 U.S.C. Sections 49, 50).

2. By virtue of ERISA Section 504(a)(1), 29 U.S.C. Section 1134(a)(1), the Secretary has the power, in order to determine whether any person has violated or is about to violate the provisions of Title I of ERISA or any regulation or order issued thereunder, to make an investigation, and in connection therewith to require the submission of reports, books, and records, and the filing of data in support of any information required to be filed with the Secretary under Title I of ERISA.  Pursuant to ERISA Section 504(c), 29 U.S.C. Section 1134(c), for purposes of any investigation provided for in Title I of ERISA, the provisions of Sections 9 and 10 (relating to the attendance of witnesses and the production of books, records, and documents) of the Federal Trade Commission Act (15 U.S.C. Sections 49, 50) are made applicable (without regard to any limitation in such sections respecting persons, partnerships, banks, or common carriers) to the jurisdiction, powers, duties of the Secretary or any officers designated by her.

3. Respondent, UnitedHealth Group, Inc., is a service provider to ERISA-covered benefit plans and is

located in the city of Minnetonka, Hennepin County,
Minnesota, within the jurisdiction of this Court.  (See
Exhibit A, par. 3.)

  4. An investigation of UHG began on March 11, 2008.
(See Exhibit A, par. 2.)

  5. On December 23, 2009, pursuant to the power
vested in him as the Regional Director, Kansas City
Regional Office of the Employee Benefits Security
Administration, United States Department of Labor, Steven
R. Eischen, signed and issued a subpoena duces tecum
relating to the investigation of UHG (the "Subpoena").  The
Subpoena required the Custodian of Records of  UHG
(Attention: Michael Mooney, Senior Deputy General Counsel),
to appear before Mr. Eischen or Senior Investigator Leondra
A. Dodd of the Employee Benefits Security Administration,
United States Department of Labor, 2300 Main Street, Suite
1100, Kansas City, Missouri at 9:00 a.m. on the 15th day of
January, 2010 to testify in the matter of an investigation
of UnitedHealth Group, Inc. and produce designated books,
papers, and documents concerning matters within the scope
of an investigation conducted pursuant to ERISA Section
504(a)(1), 29 U.S.C. Section 1134(a)(1).

  6. The subpoena issued December 23, 2009 was sent
via Federal Express. I. Opito signed for the subpoena which

was received by UHG on December 24, 2009.  (See December 23, 2009 subpoena attached as Exhibit C; Exhibit A, par. 4 and Exhibit D.)  Further, UHG's attorney, Thomas F. Fitzgerald, the Groom Law Group, 1701 Pennsylvania Ave, N.W., Washington, D.C.  20006, was sent a copy of the subpoena. (See Exhibit A, par. 4 and Exhibit E attached.)

7.    UHG provided some but not all of the documents requested.  The specific items in the subpoena UHG did not fully provide responses to are the following:

> 2.    All   documents   showing   internal   or external  reviews  performed  to  determine  the accuracy   and   timeliness   of   non-keyable claims,  appeals,  provider  reconsiderations, faxes,  and  general  correspondence  received by the Company's regional mail operations.

> 6. Any internal or external reviews performed to determine the Company's compliance with the Department of Labor Claim Procedure Regulation 29 CFR 2560.503-1.

> 7. Any internal or external reviews of denial, pending, remark, and edit overrides codes.

> 8. All performance guarantee audits conducted for ASO Plans, including but not limited to, the supporting documentation of medical claims audited at the policy level and office level.

> 12.  Any internal or external reviews of ASO Plans' stop loss claims, including but not limited to, the timeliness and accuracy of claim payments and the Company's monitoring of third parties providing services to ASO Plans.

4

(See Exhibit A, par. 5 and Exhibit B, par. 4
attached.)

    8.   From January 8, 2010 through November 27, 2012,
representatives of the Department of Labor ("DOL") have
been trying to secure full responses to the above requests
but have been unsuccessful. In a final attempt to secure
these documents, on November 14, 2012, representatives of
DOL and UHG representatives met in Kansas City, Missouri
where the Secretary gave UHG a deadline of November 21,
2012 at noon to produce all outstanding documents. (See
Exhibit A, par. 7 and Exhibit B, par. 5 attached.)

    9.   As of November 27, 2012, the Secretary of Labor
has not received all documents responsive to her subpoena
issued December 23, 2009. (See Exhibit A, par. 6, Exhibit
A, par. 8, and Exhibit B, par. 6 attached.)

    10.   To date, the respondent, UHG, has failed and
refused to fully appear, testify, and produce certain
designated books, papers, and documents, as required by the
Subpoena. (See attached Exhibit A, par. 9 and Exhibit B,
par. 7)

11.   Respondent's failure and refusal to appear, testify, and produce specified books, records, and documents, as required by the Subpoena, has impeded and continues to impede a lawful investigation under the provisions of ERISA Section 504(a)(1), 29 U.S.C. Section 1134(a).

WHEREFORE, petitioner prays for an order requiring respondent to appear before this court, at least 45 days from the date of filing this petition, on a day certain, to show cause, if any there be, why it, through a representative, should not appear before the Secretary's designated representative, at such time and place as the Court may set, then and there to give testimony and produce designated books, records, and documents, as required by the Subpoena; and that petitioner have such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**BENJAMIN T. CHINNI**
Associate Regional Solicitor

/s/Maureen M. Cafferkey_____
**MAUREEN M. CAFFERKEY** (OH-0031165)
Senior Trial Attorney
U.S. Department of Labor
Office of Solicitor
1240 East Ninth St., Room 881
Cleveland, Ohio 44199
Phone:(216) 522-3872
FAX: (216) 522-7172
cafferkey.maureen@dol.gov